# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

            Crim. No. 08-364 (RHK)
            **MEMORANDUM OPINION**
            **AND ORDER**

v.

Thomas Joseph Petters,

      Defendant.

James S. Alexander, Assistant United States Attorney, Minneapolis, Minnesota, for Plaintiff.

Christine L. Nessa, David B. Galle, Marie L. van Uitert, Rebecca G. Sluss, Michelle R. Schjodt, Oppenheimer Wolff & Donnelly LLP, Minneapolis, Minnesota, for Petitioner Crown Bank.

## INTRODUCTION

Petitioner Crown Bank ("Crown") has filed three Verified Petitions (Doc. Nos. 503, 505, 506) under 21 U.S.C. § 853(n), asserting interests in certain property previously owned by Defendant and forfeited to the United States. The Government now moves to dismiss the Verified Petitions. For the reasons that follow, its Motion will be granted in part and denied in part.[1]

---

[1] Two other Verified Petitions filed by Crown (Doc. Nos. 502, 504) are not part of the instant Motion.

**BACKGROUND**

Defendant was charged with wire fraud, mail fraud, money laundering, and conspiracy in connection with a large Ponzi scheme he orchestrated over more than a decade. Following a lengthy trial, Defendant was found guilty in December 2009 on all 20 counts in the Superseding Indictment. He then waived his right to a jury determination whether forfeiture of certain property sought by the Government in the Superseding Indictment was appropriate.

On March 26, 2010, the Court issued a Preliminary Order forfeiting to the Government, *inter alia*, "the net proceeds from the sale of the real property located at 320 Elk Circle, Dillon, Colorado" (the "Keystone Property"); "the real property located at 15823 50th Avenue North, Plymouth, Minnesota" (the "Plymouth Property"); and "the net proceeds from the sale of the Tam O'Shanter Lodge, located at 89405 Jack Pine Drive, Cornucopia, Wisconsin" (the "Wisconsin Lodge"). (Doc. No. 395, ¶¶ 1(b), 1(d), 1(g), 2(b), 2(d), 2(g).) The Court determined that such property "constitutes or is derived from proceeds traceable to" wire and mail fraud and had been "involved in" money laundering, as each was acquired using tainted funds. (Id. (citing 18 U.S.C. §§ 981-82).)

On October 20, 2011, Crown filed three Verified Petitions with this Court, asserting an interest in the Keystone Property, the Plymouth Property, and the Wisconsin Lodge, respectively. (Doc. Nos. 503, 505, 506.) With respect to the Keystone and Plymouth Properties, Crown alleged that it had loaned money to Defendant from 2002 to 2008 pursuant to a promissory note. (Doc. No. 503, ¶ 2(a)-(b); Doc. No. 505, ¶ 2(a)-(b).) On September 25, 2008, "for value received and in consideration of existing debt and

contemplated forbearance on" its right under that note, Defendant executed a mortgage on the Plymouth Property, and a Deed of Trust for the Keystone Property, in favor of Crown. (Doc. No. 503, ¶ 2(c); Doc. No. 505, ¶ 2(c).) With respect to the Wisconsin Lodge, Crown alleged that it had loaned money to Defendant in 2008, pursuant to two different promissory notes. (Doc. No. 506, ¶ 2(a)-(b).) "In order to secure payment of" those notes, Defendant "duly made, executed and delivered to Crown . . . a Security Agreement . . . providing a 100% Membership Interest in Tam O'Shanter Lodge, LLC to Crown," which LLC is "the sole owner of the [Wisconsin] Lodge." (Id. ¶ 2(c), (e).) As a result of the foregoing, Crown alleged that it had interests in the Keystone and Plymouth Properties and the Wisconsin Lodge superior to that of the Government or, alternatively, that it was a bona fide purchaser for value of those interests. Accordingly, it asserted that the Court's Preliminary Order of Forfeiture should be amended to reflect its property interests.

The Government now moves to dismiss these Verified Petitions.

**STANDARD OF REVIEW**

Title 21 U.S.C. § 853 "articulates procedures by which third parties may assert their interest in forfeited property." United States v. Timley, 507 F.3d 1125, 1129 (8th Cir. 2007); accord, e.g., United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005). The statute provides, in pertinent part, that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). Such an "ancillary proceeding" is governed by Federal Rule of Criminal Procedure 32.2(c), see Timley, 507 F.3d at 1129, and "closely resembles a civil

action," Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004); accord Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c).

As in a civil action, the Government may file a motion to dismiss a third-party petition "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). When such a motion has been filed, it is treated like a motion under Federal Rule of Civil Procedure 12(b). In particular, the Court must accept the allegations in the petition as true, see Fed. R. Crim. P. 32.2(c)(1)(A); United States v. White, __ F.3d __, 2012 WL 1070127, at *2 (8th Cir. 2012), and dismiss the petition if the Government shows that the claimant is not entitled to relief as a matter of law, that is, where the petition fails to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See, e.g., United States v. Salti, 579 F.3d 656, 667 (6th Cir. 2009) (citation omitted); United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) (*per curiam*) (citation omitted); Pacheco, 393 F.3d at 352.

## ANALYSIS

I. **The Wisconsin Lodge**

  A. **Crown cannot challenge forfeiture of the property itself**

At the outset, the Court will quickly dispose of Crown's assertion that the Court erred in forfeiting the Wisconsin Lodge, which was owned by Tam O'Shanter Lodge LLC and not Defendant. (Mem. in Opp'n at 8 n.5.) The claimant in an ancillary proceeding may challenge the forfeiture of its interest in certain property, but "there is no provision in § 853(n) to relitigate the outcome of [the] proceedings [against the defendant]." United

States v. Porchay, 533 F.3d 704, 710 (8th Cir. 2008). This is because the earlier proceedings "relate to the tracing of property as proceeds of criminal activity," while "the issues . . . address[ed] within § 853(n) proceedings are claims of ownership and priorities of interest vis-à-vis the government and the petitioners." United States v. Moser, 586 F.3d 1089, 1095 (8th Cir. 2009). Accordingly, whatever "error" the Court may have made when forfeiting the Wisconsin Lodge (and the proceeds of its sale) rather than Defendant's interest in the LLC that owned it, that error cannot be litigated by Crown here. See White, 2012 WL 1070127, at *3; United States v. Andrews, 530 F.3d 1232, 1236-37 (10th Cir. 2008) ("[A] third party has no right to challenge the preliminary order's finding of forfeitability; rather the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order.").[2]

### B. Crown lacks standing vis-à-vis the Wisconsin Lodge

The Government argues that Crown lacks standing to assert an interest in the Wisconsin Lodge. (Gov't Mem. at 9-14.) To have standing under Section 853(n), a claimant must have a "legal interest" in forfeited property. 21 U.S.C. § 853(n)(2). Yet, Section 853 does not define the term "legal interest." Accordingly, a court must "look to the law of the jurisdiction that created the [claimant's alleged] property right to determine whether the claimant has a valid interest." Timley, 507 F.3d at 1129-30.

---

[2] In any event, there was no error. As the Court previously determined, the Wisconsin Lodge was purchased by Defendant using fraudulently obtained funds. Accordingly, the Government had the right to forfeit the property notwithstanding its ownership by the LLC (rather than Defendant). See 21 U.S.C. § 853(c).

Crown argues that the Security Agreement by which Defendant pledged all of his ownership interest in Tam O'Shanter Lodge, LLC gives it a legal interest in the Wisconsin Lodge. (Mem. in Opp'n at 11.) This argument misses the mark. As the Government correctly notes, "[t]he United States did not forfeit [Defendant's] membership interests in the Tam O'Shanter Lodge LLC. Instead, the government directly forfeited the lodge itself, the real property." (Reply at 2.) To have standing, therefore, Crown must establish a legal interest in the Wisconsin Lodge – the property that was subject to forfeiture – rather than an interest in the LLC that, in turn, owned it.[3] The Verified Petition alleges only that Crown held an interest in the LLC, which is simply one level too far removed from the forfeited property to have an assertable legal interest here. See United States v. All Funds in Account of Prop. Futures, Inc., __ F. Supp. 2d __, 2011 WL 5084319, at *13-16 (S.D. Fla. 2011) (analogizing members of an LLC to stockholders in a corporation and agreeing with the government that, "just as shareholders lack standing to contest the forfeiture of corporate assets, LLC members lack standing to contest the forfeiture of assets owned by an LLC"). Accordingly, Crown lacks standing to assert a claim with respect to the Wisconsin Lodge, and its Verified Petition as to that property will be dismissed.

---

[3] There does not appear to be any dispute that Tam O'Shanter Lodge, LLC is a Wisconsin limited liability company. Under Wisconsin law, "[a]ll property originally transferred to or subsequently acquired by or on account of a limited liability company is property of the limited liability company and not of the members individually." Wis. Stat. § 183.0701(1).

## II. The Keystone and Plymouth Properties

By virtue of the Mortgage and Deed of Trust, the Government recognizes that Crown has a "legal interest" in the Keystone and Plymouth Properties. But having a legal interest in forfeited property is only half the battle. In order to prevail in an ancillary proceeding, a claimant "must either demonstrate priority of ownership at the time of the offense . . . or that [it] subsequently acquired the property . . . as a bona fide purchaser for value." Timley, 507 F.3d at 1130 (citing 21 U.S.C. § 853(n)(6)(A)-(B)). Insofar as Defendant used fraud proceeds to purchase the Keystone and Plymouth Properties, Crown cannot establish priority of ownership, and it makes no attempt to do so. See id. ("A third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense."). Rather, it takes the other tack, arguing that it obtained its interest in the properties as a bona fide purchaser for value under Section 853(n)(6)(B). (See Mem. in Opp'n at 16-22; see also Doc. No. 503, ¶ 3; Doc. No. 505, ¶ 3.)

The Government responds that Crown cannot have been a bona fide purchaser for value as a matter of law. It posits that at the time Defendant signed the Mortgage and Deed of Trust, he was already indebted to Crown, thereby turning his unsecured debt into secured debt. And according to the Government, "[a]cquiring security for a preexisting debt does not constitute a bona fide purchase." (Reply at 7-8; see also Gov't Mem. at 17-20.) The Court does not agree.

The term "bona fide purchaser for value" is not defined in Section 853(n)(6)(B). "Rather, it is a 'legal term of art' which was in common use long before 21 U.S.C. § 853 was enacted in 1984." United States v. Mendez, No. 07-CR-107, 2008 WL 3874318, at

*3 (E.D.N.Y. Aug. 19, 2008) (citing United States v. Campos, 859 F.2d 1233, 1238 (6th Cir. 1988)). It was "derived . . . essentially from hornbook commercial law" and reflects the "common-law rule . . . that an 'innocent purchaser for valuable consideration must be protected.'" United States v. Lavin, 942 F.2d 177, 185-86 (3rd Cir. 1991) (citations omitted); accord, e.g., United States v. Watson, No. 1:06-CR-290, 2010 WL 2573478, at *2 (W.D. Mich. June 22, 2010); United States v. Caro, No. 08-20044CR, 2010 WL 680939, at *5 (S.D. Fla. Feb. 23, 2010).

Under Minnesota law, a "bona fide purchaser" is "one who gives consideration in good faith without actual, implied, or constructive notice of inconsistent outstanding rights of others" – in other words, "a subsequent purchaser in good faith and for [] valuable consideration." Anderson v. Graham Inv. Co., 263 N.W.2d 382, 384 (Minn. 1978). Such "valuable consideration" includes "security for . . . a preexisting claim." Minn. Stat. § 336.1-204(2). Accordingly, the Court rejects the Government's argument that Crown cannot have been a bona fide purchaser for value simply because it received the Mortgage and Deed of Trust as security for prior loans to Defendant.

The Government contends that the Court cannot look to Minnesota law to determine whether Crown is, in fact, a bona fide purchaser for value. (See Reply at 6-7.) And to be sure, it is correct that "federal courts look to state law to determine if a claimant has a property interest in [an] asset, but whether that property interest is subject to forfeiture is an issue of federal law under section 853(n)(6)." (Id. (citing Timley, 507 F.3d at 1130).) But this simply begs the question. While federal law determines whether Crown's interests in the Keystone and Plymouth Properties are forfeitable, the federal law bearing

on that question is Section 853(n)(6)(B), which uses the term "bona fide purchaser for value" without defining it. State law fills this gap: "because the federal statute is silent, it is state law that provides the definition of when a party may be a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B)." United States v. Josic, No. 1:05CR582, 2008 WL 5234386, at *6 (N.D. Ohio Dec. 12, 2008); accord, e.g., United States v. Frykholm, 362 F.3d 413, 416 (7th Cir. 2004) (whether a claimant is a bona fide purchaser is determined by reference to state law); United States v. Harris, 246 F.3d 566, 571 (6th Cir. 2001) (same); Pacheco, 393 F.3d at 353 (same); United States v. Mendez, No. 07-CR-107, 2009 WL 1706354, at *3 (E.D.N.Y. June 17, 2009) ("[T]he determination of the relevant property interests, *including the definition of a bona fide purchaser for value*, are governed by state law.") (emphasis added). Indeed, this principle was recently reaffirmed in the case of infamous Ponzi-schemer Bernie Madoff. See United States v. Madoff, No. 09 Cr. 213, 2012 WL 1142292, at *5 (S.D.N.Y. Apr. 3, 2012) ("Under 21 U.S.C. § 853(n)(6)(B), a third-party petitioner may prevail if he establishes that . . . he acquired the interest in question as a bona fide purchaser for value *as defined by state law*.") (emphasis added). And under Minnesota law, acquiring an interest in property as security for an antecedent debt is a bona fide purchase for value.[4]

---

[4] In any event, the Government would not prevail even were the Court to accept its argument that Crown's status as a bona fide purchaser must be determined under federal law. The Government points out that Crown "has not cited any federal cases holding that acquiring security for a preexisting debt constitutes a bona fide purchase within the meaning of section 853(n)(6)." (Reply at 7.) That is true. Yet, two cases – one cited by Crown, the other uncovered by the Court's own research – *suggest* that the Government is wrong. The first is Swift v. Tyson, 41 U.S. 1, 11 (1842), overruled on other grounds by Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), in which the Supreme Court recognized the principle that one can be a bona fide purchaser of property in exchange for "what the law deems a good and valid consideration: . . . *a preexisting*

For all of these reasons, the Court rejects the Government's argument that Crown was not a bona fide purchaser for value simply because it obtained the Mortgage and Deed of Trust as security for preexisting debts. That does not end the matter, however. The Government also suggests, in a footnote, that Crown "knew, or should have known, that the Keystone and Plymouth [P]roperties were subject to forfeiture" because of the circumstances surrounding the creation of its security interests. (Gov't Mem. at 20 n.2.) The Government points out that numerous search warrants were executed in this case on September 24, 2008, which received substantial coverage in the local media. As the Mortgage and Deed of Trust were executed the following day, the Government posits that Crown Bank should have known that the Keystone and Plymouth properties were subject to forfeiture at that time. (Gov't Mem. at 5, 20 n.2.)

As noted above, a claimant cannot obtain relief in an ancillary proceeding, even as a bona fide purchaser for value, unless it was "reasonably without cause to believe that the property was subject to forfeiture" on the date its interest arose. 21 U.S.C. § 853(n)(6)(B). But while the standard is one of *objective* reasonableness, United States v. Brown, 509 F. Supp. 2d 1239, 1246 (M.D. Fla. 2007), the record presently before the Court fails to illuminate whether Crown reasonably knew (or should have known) of the potential for

---

*debt*." (emphasis added). The second, Frykholm, is a recent decision of the Seventh Circuit. There, the Government had initially argued that a mortgage given in exchange for an antecedent debt could not be a bona fide purchase for value under Section 853(n)(6), but it later abandoned that contention. 362 F.3d at 416. The argument did not pass unnoticed by the Court of Appeals, however, which recognized that the Government had wisely opted to forego the argument because it was incorrect. Id. ("The United States questions whether the holder of a security interest given in exchange for an antecedent debt can be a bona fide purchaser for value but has not pursued the point – *sensibly so*.") (emphasis added) (citing Swift). Furthermore, the notion that one who acquires security for an antecedent debt can be a bona fide purchaser for value is not unique to Minnesota law. See, e.g., Restatement (First) of Restitution § 13.

forfeiture here. The Court simply cannot tell at this juncture what Crown knew on September 25, 2008, about Defendant's fraud, and little in the way of evidence has been submitted on that question. Accordingly, the Court determines that it cannot dismiss the Verified Petitions with regard to the Keystone and Plymouth Properties on this basis at the present time. See, e.g., Johnson v. Evangelical Lutheran Church in Am., Civ. No. 11-23, 2011 WL 2970962, at *10 (D. Minn. July 22, 2011) (Davis, J.) ("The question of whether the Board acted reasonably . . . cannot be answered on a motion to dismiss.").

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Government's Motion to Dismiss (Doc. No. 522) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to the Verified Petition concerning the Wisconsin Lodge (Doc. No. 506), and that Verified Petition is **DISMISSED WITH PREJUDICE**. In all other respects, the Motion is **DENIED**. **IT IS FURTHER ORDERED** that the parties shall meet and confer regarding a plan for discovery and deadlines for bringing dispositive motions (motions for summary judgment), if any, with regard to the Verified Petitions concerning the Keystone and Plymouth Properties (Doc. Nos. 503, 505) and those concerning Crown Bankshares, Inc. (Doc. No. 502) and Merrill Lynch Accounts (Doc. No. 504). On or before May 7, 2012, the parties shall jointly file their plan with the Court or, if they are unable to agree on its terms, shall serve and file their respective plans on that date. The Court will issue a Scheduling Order thereafter.

**LET JUDGMENT BE ENTERED ACCORDINGLY** (with respect to the

Verified Petition concerning the Wisconsin Lodge (Doc. No. 506)).

Dated: April 24, 2012          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge