UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-364 (JRT)

UNITED STATES OF AMERICA,

Plaintiff,

v.

(1) THOMAS JOSEPH PETTERS,

Defendant.

**MOTION FOR
PRELIMINARY ORDER OF
FORFEITURE AS TO
SUBSTITUTE PROPERTY**

The United States' moves this Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), and Federal Rules of Criminal Procedure 32.2(e)(1)(B), for an order forfeiting funds currently held by Douglas A. Kelley, in his capacity as the court-appointed receiver in the proceeding captioned *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL), in partial satisfaction of the forfeiture money judgment ordered against Thomas Petters at sentencing.  The government represents the following to this Court in support of this motion:

### FACTS

1.      On December 2, 2009, defendant Thomas Joseph Petters ("Petters or the Defendant") was found guilty of Counts 1 through 20 of the Superseding Indictment.

2.     On March 26, 2010, a Preliminary Order of Forfeiture was entered as to Petters.  *See* Preliminary Order Of Forfeiture (Docket No. 395).  Petters was ordered to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud, mail fraud, or conspiracy to commit mail and wire fraud charged in Counts 1 through 14 of the Superseding Indictment.  *Id*. ¶ 1. Petters was also ordered to forfeit all property, real or personal, involved in the money laundering and conspiracy to commit money laundering violations charged in Counts 15 through 20 of the Superseding Indictment.  *Id*. ¶2.  A personal money judgment forfeiture in the amount of $3,522,880,614 was entered against Petters, and Petters was ordered to forfeit certain enumerated assets.  This Court retained jurisdiction to forfeit any subsequently discovered directly forfeitable property or substitute property.  *Id*. ¶ 9.

3.     On October 6, 2008, Plaintiff United States of America, in support of a criminal investigation, sought an asset freeze and receivership under the Anti-Fraud Injunction Act, 18 U.S.C. § 1345, for the benefit of the victims of a massive fraud that took place at Petters Company Inc. (PCI) and Petters Group Worldwide LLC (PGW).  *See United States v. Thomas Joseph Petters, et al.*, Civil No. 08-05348 (ADM/TNL) (the "Receivership Proceeding").  The Court appointed Douglas A. Kelley as receiver on October 6, 2008 over Thomas J. Petters and companies directly or indirectly 100% owned or controlled by Thomas Joseph Petters,

2

including PCI and PGW, as well as their respective subsidiaries.  Kelley continues to serve as the court-appointed receiver for Petters.

4.     This motion seeks a preliminary order of forfeiture as to funds currently held by the Receiver in partial satisfaction of the forfeiture money judgment entered against Petters.

## ARGUMENT

### A.     Forfeiture Of Substitute Property

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).  Substitute property is forfeitable where directly forfeitable property "cannot be located upon the exercise of due diligence," has been "transferred or sold to, or deposited with, a third party," "has been placed beyond the jurisdiction of the court," "has been substantially diminished in value," or "has been commingled with other property which cannot be divided without difficulty."  21 U.S.C. § 853(p). Federal Rule of Criminal Procedure 32.2(e) provides that upon the Government's motion, the Court may "at any time" enter an order of forfeiture or amend an existing order to include property that "is substitute property that qualifies for forfeiture under an applicable statute."  *See* Fed. R. Crim. P. 32.2(e).

This Court previously entered a forfeiture money judgment against Petters in the amount of $3,522,880,614, and retained jurisdiction to amend the order as

necessary pursuant to Fed. R. Crim. P. 32.2(e). *See* Preliminary Order Of Forfeiture (Docket No. 395). Not surprisingly, the Government has not been able to locate enough directly forfeitable property to satisfy the high value of the money judgment. Accordingly, the Government is entitled to forfeit any of the Defendant's assets as substitute property and apply the value of the forfeited substitute property in partial satisfaction of the Defendant's money judgment. *See, e.g., United States v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011) (section 853(p) should be broadly construed to allow the forfeiture of any property of the defendant); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy a money judgment); *United States v. Bermudez*, 413 F.3d 304, 306-07 (2d Cir. 2005) (affirming forfeiture of substitute assets in partial satisfaction of $14.2 million money judgment in a money laundering case).

### B.    EBP Select Holdings LLC

This motion seeks an order forfeiting funds derived from EBP Select Holdings, LLC ("EBP"), an entity formerly controlled by Petters that is subject to the Petters Receivership. These funds include approximately $10,003,019.10 held at US Bank, and approximately $36,132.50 held at Crown Bank. These funds are currently held by the Receiver and represent stock dividends and funds derived from the Receiver's sale of stock held in bluestem brands, Inc. ("Bluestem"), previously

owned by EBP.

EBP Select Holdings LLC ("EBP") was a Delaware limited liability company controlled by Petters, and is subject to the Receivership. EBP was formed on or about April 17, 2007, by Petters as Founding Member, and Petters holds the controlling interest in EBP. *See* Declaration of James S. Alexander ("Alexander Decl.") Exhibit A (Limited Liability Company Agreement of EBP Select Holdings, LLC).[1] EBP was formed for the purpose of acquiring, holding, selling or otherwise disposing of securities. *Id*. § 1.5. The only assets owned by EBP were shares in three entities: Zink Imaging Inc. ("Zink"), Enable Holdings, Inc. f/k/a uBid.Com Holdings, Inc. ("uBid") and bluestem brands, Inc. ("Bluestem"), formerly known as Fingerhut Direct Marketing, Inc. Petters, as Founding Member, had sole and exclusive authority over the securities held by EBP. *Id*. §§ 4.2 and 4.7. Other individuals were identified as Non-Founding Members of EBP and were listed in Exhibit A, attached to the Limited Liability Company Agreement. *Id*. § 12.1

---

[1] Additional background concerning EBP Select Holdings is set forth in filings made in the Receivership action. *See United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL), Affidavit of Douglas A. Kelley In Support of Motion To Authorize Receiver To Sell Shares of Bluestem Brands, Inc. Held by EBP Select Holdings, Inc. and RTB Holdings, LLC and Granting Related Relief (Docket No. 1853) and Affidavit of Receiver In Support of Omnibus Motion (I) to Approve Multiple Settlement of Claims Against Former Officers, Directors, Employees and Consultants, (II) To Authorize Receiver to Enter Into And Consummate Settlement Agreements, Sharing Agreement And Mutual Release Agreements, and (III) For Entry of A Bar Order (Docket No. 2200).

(definition of "Members") and attached Ex. A, and identified further below.

Although EBP's holdings in Zink and uBid had little or no value, EBP's interest in Bluestem held significant value.  *See* Stipulation to Forfeiture and Transfer of Funds ("Stipulation") ¶ 12.  During the course of the Receivership, EBP received stock dividends from Bluestem.  EBP's Bluestem holdings were sold by the Receivership[2], and the Receivership received significant proceeds from the stock sale.  *Id.* ¶ 13.  The Receivership currently holds substantial funds derived from the Bluestem stock sale and dividends.  These funds include approximately $10,003,019.10 held at US Bank, and approximately $36,132.50 held at Crown Bank.  *Id.* ¶ 14.

Petters, directly or through entities that he controlled, gave substantial bonuses, commissions, gifts, and made other transfers during the course of the Ponzi scheme to individuals who were officers, employees, or consultants of one or more of the Petters family of companies.  Stipulation ¶ 15.  The Non-Founding Members received their EBP membership interests as a transfer from Petters either as a component of their 2007 bonus award, as a gift, or (in part) in return for making a nominal capital contribution to EBP.  Kelley, as Receiver and bankruptcy trustee,

---

[2] The Bluestem stock sale was authorized by an Order issued in the Receivership action.  *See* Order Authorizing The Receiver To Sell Shares of Bluestem Brands, Inc. Held by EBP Select Holdings, LLC and RTB Holdings, LLC and Granting Related Relief, *United States v. Thomas Joseph Petters, et al.*, Civil No. 08-05348 (ADM/TNL) (Docket No. 1928).

6

commenced over 200 actions seeking the recovery and avoidance of false profits, bonuses, commissions, gifts and preferences. The recovery of the Non-Founding Members interests in EBP was part of the relief sought in several of these actions. Stipulation ¶ 16.

Petters' interest in EBP is subject to forfeiture in this action as substitute property pursuant to 21 U.S.C. § 853(p). Petters is currently under receivership, and the Receiver has stipulated to the forfeiture of all funds derived from EBP, including Petters' interest in EBP. Petters held the controlling interest in EBP. Given the $3,522,880,614 forfeiture money judgment imposed on Petters at sentencing, Petters' interest in EBP is subject to forfeiture as substitute property pursuant to 21 U.S.C. § 853(p).

The interests held by the Non-Founding Members of EBP are not at issue in this motion. A preliminary order of forfeiture forfeits the defendant's interest in the property and does not address third-party interests, which are addressed in the ancillary proceeding under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c). In any event, the interests held by the Non-Founding Members of EBP have already been resolved. The Non-Founding Members received their interest in EBP as a transfer from Petters. Stipulation ¶ 15. Most of the Non-Founding Members were subject to actions by the Receiver seeking recovery of transfers by Petters, including their interest in EBP. These members agreed to relinquish their interest in EBP in

settlement of these actions and agreed to forfeit their interest in EBP to the United States.  Stipulation ¶ 16.  The government was not a party to the fraudulent transfer and avoidance actions.  However, in addition to signing a general release with the Receiver, the members also signed a separate release with the United States ("the USAO Release").  As a part of the USAO Release, the Non-Founding Members agreed to the forfeiture of their interest in EBP, and agreed to waive any claim they could assert in the ancillary proceeding under section 853(n).[3]  *Id.* ¶ 16.

There were several additional Non-Founding Members of EBP whose interests in EBP have also been resolved.  The interests of Deanna Coleman and James Wehmhoff were previously forfeited to the United States in separate legal proceedings.[4]  Robert Facente, Jr. also held a membership interest in EBP.  Facente signed an Assignment of Membership Interest transferring to the Receiver all of his right, title and interest in and to EBP, including any interest in the securities of Zink,

---

[3] The settlement agreements were approved by the Court in the Receivership action. Most of the settlements were approved by the Court as part of a global motion approving multiple settlement agreements.  *See* Order Approving Multiple Settlement Agreements, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2214).  The settlements, which included an assignment to the Receiver of the EBP interest, were summarized in Exhibit D attached to Affidavit of Receiver submitted in support of the motion.  Alexander Decl. Ex. B.

[4] *See* Final Order of Forfeiture, *United States v. Deanna Lynn Coleman*, Criminal No. 08-304 (RHK) (Docket No. 63); and Default Judgment and Final Order of Forfeiture, *United States v. $1,422,362.66 In Funds Et Al.*, Civil No. 13-1374 (SRN/JJK) (Docket No. 18).

Inc., uBid.com Holdings, Inc., Bluestem Brands f/k/a Fingerhut Direct Marketing, Inc. or other securities held by EBP.  Stipulation ¶ 17; Alexander Decl. Ex. C.

In summary, the status of the membership interests in EBP Select Holdings is as follows:

| Member | Status of EBP Interest |
|---|---|
| Thomas Petters | Founding Member; Membership interest subject to Receivership and forfeitable as substitute property |
| David Baer | Assigned EBP membership interest to Receiver pursuant to settlement agreement[5] |
| Camille Chee-Awai | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| William Dunlap | Assigned EBP membership interest to Receiver pursuant to settlement agreement |

---

[5] The settlement with David Baer was also approved by the Court in the Receivership action.  *See* Order, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2671).  The settlement included an assignment by Baer to the Receiver of his EBP interest.  *See* Affidavit of Receiver In Support of Motion (I) To Approve Multiple Settlements of Claims Against Michael O'Shaughnessy, David Baer, George Danko, Michael Phelps and Thomas Ting, and (II) To Authorize Receiver to Enter Into And Consummate Settlement Agreements and Mutual Release Agreements ¶¶ 14, 15, 30b, and Exhibit B (Docket No. 2668).

| | |
|---|---|
| Robert Facente | Assignment of Membership Interest transferring EBP membership interest to Receiver[6] |
| Patricia Hamm | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| Thomas Hay | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| Mary Jeffries | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| Mark Laumann | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| Jon McGaunn | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| Deanna Munson n/k/a Deanna Coleman | EBP membership interest previously forfeited to the United States |
| Thomas Salmen | Assigned EBP membership interest to Receiver pursuant to settlement agreement |
| Paul Traub | Assigned EBP membership interest to Receiver pursuant to settlement agreement[7] |

---

[6] *See* Alexander Decl. Ex. C.

[7] Paul Traub entered into a settlement with the Receiver which included an assignment of this EBP interest. *See* Affidavit of Douglas A. Kelley In Support of The Motion To Approve Settlement Agreement By and Between Douglas A. Kelley,

| James Wehmhoff | EBP membership interest previously forfeited to the United States |

Based on the above, the United States seeks an order forfeiting the Bluestem dividends and stock sale proceeds currently held by the Receiver at US Bank and Crown Bank as substitute property.

### C.   The Thomas J. Petters Receivership Account

The Receiver maintains an account at US Bank ("the Petters Receivership account") which contains the proceeds of the sale of assets previously owned by Petters or entities that he owned or controlled, and settlement proceeds of claims pursued by the Receiver to recover transfers and donations made by Petters or his associated entities to various transferees.  Stipulation ¶ 19.  The balance of this account as of January 11, 2019 was $6,560,435.79.  *Id*.  This account receives interest on a monthly basis.

The Petters Receivership account consists primarily of the following funds:

| Deposit | Source |
|---------|--------|
| $112,500.00 | Proceeds of settlement with Thomas Beaudoin |
| $375,000.00 | Proceeds of settlement with Roger Jenkins (final payment) |
| $180,662.94 | Proceeds from sale of 15823 50th Avenue North, Plymouth, Minnesota |

as Receiver and as Chapter 11 Trustee, and Paul Traub ¶¶ 8, 11, 14 and Exhibit A, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2324).

| $695,944.10 | Proceeds from sale of 320 Elk Circle, Dillon, Colorado |
| $450,000.00 | Proceeds of settlement with the College of Saint Benedict |
| $46,569.96 | RTB Membership Distribution |
| $350,000.00 | Proceeds of settlement with The Retreat |
| $3,938,928.00 | Proceeds from sale of W hotel property, received in compensation for Petters' pro rata ownership interest in Foshay Hotel, LLC |
| $500,000.00 | Idlewild settlement proceeds |

Stipulation ¶ 20.  The account also contains some additional smaller deposits, including recovery of political donations and other miscellaneous deposits.

A summary of the larger deposits is as follows:

- **Thomas Beaudoin Settlement Proceeds**: The Receiver asserted claims against Thomas Beaudoin in relation to a $500,000.00 cash transfer made by Petters to Beaudoin.  The claim was settled, and the $102,500.00 deposit was a portion of the money received by the Receiver in settlement of the claim.  It was agreed that the settlement payment constituted repayment of compensation or bonuses paid by Petters to Beaudoin in 2007.  Beaudoin agreed to waive any claim he might have to contest the forfeiture.  A portion of the settlement was paid by XL Specialty Insurance Company, an insurance company that Beaudoin alleged was obligated to pay his defense costs and indemnify him for the claim at issue.  XL also agreed to waive any claim it might have to contest the

forfeiture of the settlement payment.[8]

- **Roger Jenkins Settlement Proceeds**: The Receiver asserted claims against Roger Jenkins in relation to cash transfers made by Petters and Thomas Petters Inc. to Jenkins totaling $1,750,000.  The Receiver alleged that the transfers were avoidable transfers under the Minnesota Uniform Fraudulent Transfer Act.  The claim was settled, and the $375,000 was a portion of the money received by the Receiver in settlement of the claim. Roger Jenkins agreed to the forfeiture of the settlement proceeds, and waived any claim he might have to contest the forfeiture.[9]

- **Proceeds from sale of 15823 50th Avenue North, Plymouth, Minnesota, and 320 Elk Circle, Keystone, Colorado**:   Petters previously owned property located at 15823 50th Avenue North, Plymouth, Minnesota and 320 Elk Circle, Keystone, Colorado.   On

---

[8] The settlement agreement, and additional background concerning the settlement, was filed in the Receivership action.  *See* Affidavit In Support of Settlement Agreements And Mutual Releases Between Thomas Beaudoin, XL Specialty Insurance and Receiver and Robert Gregerson, XL Speciality Insurance and Receiver and For Entry of a Bar Order, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2394).

[9] The settlement agreement, and additional background concerning the settlement, was filed in the Receivership action.  *See* Affidavit of Kevin M. Magnuson In Support of Settlement Agreement and Mutual Release, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2328).

September 25, 2008, Petters executed documents granting Crown Bank a security interest in both properties.  Prior to that date, the properties were not encumbered by liens or mortgages.   The Receiver commenced litigation seeking to set aside the security interests as fraudulent transfers. The action was settled, and the Receiver received a portion of the proceeds from the sale of both properties.  Crown Bank agreed to the forfeiture of the settlement proceeds, and waived any claim it might have to contest the forfeiture.[10]

- **Settlement with College of Saint Benedict**:   The Receiver asserted claims against the College of Saint Benedict in relation to transfers made to the College, including transfers by Petters and the Thomas J. Petters Family Foundation.   The Receiver received $450,000 in settlement of these claims. The College of Saint Benedict agreed to the forfeiture of the settlement proceeds, and waived any claim it might have to contest the forfeiture.[11]

---

[10] The settlement agreement, and additional background concerning the settlement, was filed in the Receivership action.  *See* Declaration of James A. Lodoen In Support of Motion To Approve Settlement Agreement, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2634).

[11] The settlement agreement, and additional background concerning the settlement, was filed in the Receivership action.  *See* Declaration of James A. Lodoen In Support of Motion To Approve Settlement Agreement, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2648).

- **RTB Membership Distribution**:   RTB Holding LLC ("RTB") is a company established by Petters and in which Petters owned the controlling interest.   RTB is subject to the receivership.   Petters established RTB to hold Fingerhut Direct Marketing stock.   Fingerhut is now known as Bluestem Brands.   RTB received a stock dividend from Bluestem in December 2013.   In December 2014, RTB sold its stock to Bluestem.   The stock dividend and stock sale proceeds were distributed to the members holding an interest in RTB, including Petters.   The $46,569.96 deposited into the Receivership account represented the distribution made to Petters.   An additional distribution from RTB to Petters is expected in early 2019.

- **Settlement with The Retreat**: The Receiver commenced an action seeking to recover $1,005,000.00 in transfers to the Community of Recovering People d/b/a The Retreat which were alleged to be fraudulent transfers.   The Receiver received $350,000.00 in settlement of this action. The Retreat agreed to the forfeiture of the settlement proceeds, and waived any claim it might have to contest the forfeiture.[12]

---

[12] The settlement agreement, and additional background concerning the settlement, was filed in the Receivership action.   *See* Affidavit of Kevin M. Magnuson In Support of Settlement Agreement and Mutual Release, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2448).

- **Proceeds from sale of Foshay Hotel**:  Petters held an ownership interest in The W Hotel.  The hotel was sold, and the Receivership received $3,938,928.00 from the sale for Petters' pro rata interest in the hotel.

- **Idlewild settlement proceeds**:  Tom Petters LLC's one-third interest in Idlewild was sold to Idlewild Properties LLC, and a payment of $500,000 was received by the Receiver.  Idlewild and the other parties to the settlement agreed to waive any forfeiture claims they might have to the settlement payment.[13]

Based on the above information, this motion seeks an order forfeiting the Petters Receivership account to the United States.

### D.      The Thomas J. Petters Family Foundation

Kelley currently serves as the receiver for the Thomas J. Petters Family Foundation ("the Foundation"), a foundation formerly owned and controlled by Petters.  Petters formed the Foundation in 2001.  Stipulation ¶ 22.  The Foundation was incorporated as a Minnesota Nonprofit Corporation on June 22, 2001 for the purpose of making charitable gifts, donations and pledges of financial support to

---

[13] The settlement agreement, and additional background concerning the settlement, was filed in the Receivership action.  *See* Affidavit of Douglas A. Kelley In Support Of Motion To Approve Settlement Agreement and Sale of Membership Interests Of Idlewild Properties, LLC, *United States v. Thomas J. Petters, et al.*, No. 08-cv-05348 (ADM/TNL) (Docket No. 2995).

various charitable organizations.  The Foundation was funded with proceeds derived from the Petters fraud scheme.  The Foundation was dissolved on August 6, 2012. The Receiver currently maintains an account at U.S. Bank which contains funds previously held by the Foundation.   The current balance of the account is approximately $840,634.53.  *Id.* ¶ 23.

Based on the above information, this motion seeks an order forfeiting the funds held in the Thomas J. Petters Family Foundation account to the United States.

### E.     The Remissions Proceeding

The goal of the forfeiture proceedings in this and related actions has been to recover funds that can be used to compensate victims of the Petters' fraud scheme. Under federal law, the Attorney General of the United States has the authority to distribute the proceeds of forfeited assets to victim investors who lost money in connection with the fraud scheme perpetrated by Petters and other defendants. The process used to compensate victims is the remissions process set forth in 28 C.F.R. Part 9.  In many cases, forfeited funds are remitted to the Clerk of Court to be paid out through restitution orders entered at sentencing.  However, no restitution orders were entered against Petters or other defendants convicted in connection with the fraud scheme.  Consequently, the victim investors have been directly compensated through payments made by the government via the remissions process under 28 C.F.R. Part 9.  The U.S. Attorney's Office for the District of Minnesota previously

obtained approval from the Department of Justice to return the proceeds of all forfeited assets to victim investors.  In August 2018, an initial distribution of $16,440,674.35 was made to approximately 364 victims worldwide.  The government intends that all funds forfeited in connection with this motion will be returned to victims, along with the proceeds of other assets that have been forfeited since the August 2018 distribution was made.

The forfeiture proceedings were part of a coordinated effort to compensate victim investors. As this Court is aware, multiple bankruptcy and receivership proceedings were filed in Minnesota and other states relating to the Petters fraud scheme.  The United States entered into a Coordination Agreement governing the asset recovery efforts of the United States, the bankruptcy trustees, and the Court appointed receiver.  In addition to the funds distributed via remission payments, substantial payments have been and will be made to victim investors and creditors through ongoing bankruptcy and receivership proceedings in various states including Minnesota, Illinois and Florida.

## CONCLUSION

Based on the foregoing, the United States requests that the Court enter an order forfeiting the above-described funds as substitute property in partial satisfaction of the forfeiture money judgment imposed on defendant Thomas Joseph Petters as a part of his criminal sentence, so the funds may be distributed to the victims of the Petters fraud scheme.

Respectfully submitted,

Date: February 11, 2019

ERICA H. MacDONALD
United States Attorney

*s/ James S. Alexander*

BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney ID No. 166145
CRAIG R. BAUNE
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Email: Jim.Alexander@usdoj.gov